**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4344**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHRISTOPHER JAMES MILLS, a/k/a Christopher James Nichols,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:12-cr-00013-GEC-1)

─────────────

Submitted: January 31, 2014      Decided: February 19, 2014

─────────────

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia; Mythili Raman, Assistant United States Attorney, Denis J. McInerney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher James Mills appeals his conviction and 254-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). On appeal, Mills raises several arguments: that the district court denied him a fair trial by denying his motion in limine and permitting evidence concerning a home invasion; that the district court abused its discretion in denying his motions for a mistrial and a new trial; that the evidence presented by the Government resulted in a constructive amendment to the indictment; that his sentence is procedurally unreasonable; and that the district court unconstitutionally increased his statutory mandatory minimum sentence. Finding no reversible error, we affirm.

Mills first contends that the district court erred in denying his motion in limine and permitting the Government to present evidence pertaining to a home invasion, in violation of Fed. R. Evid. 403 and 404(b). Even if we were to assume that the district court erroneously admitted the evidence, we conclude that any such error was harmless. See United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008) (providing standard of review).

Second, Mills contends that the district court erred in denying his motions for a mistrial and for a new trial based on the Government's alleged prosecutorial misconduct. We review claims of prosecutorial misconduct "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted). To prevail on a claim of prosecutorial misconduct, "the defendant must show that the prosecutor's remarks or conduct were improper and . . . that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." Id. Upon review, we conclude that the Government did not engage in any improper conduct. Thus, the district court did not abuse its discretion in denying Mills' motions for a mistrial or for a new trial. See United States v. Robinson, 647 F.3d 941, 948 (4th Cir. 2010) (providing standard of review for denial of motion for new trial); United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (providing standard of review for motion for mistrial).

Third, Mills contends that his conviction should be overturned because the Government constructively amended the indictment by introducing evidence of a home invasion and drug activity involving drugs other than cocaine and dating back to

3

the 1990s. "[A]fter an indictment has been returned[,] its charges may not be broadened through amendment except by the grand jury itself." Stirone v. United States, 361 U.S. 212, 215-16 (1960). "When the government, through its presentation of evidence . . . broadens the bases for conviction beyond those charged in the indictment, a constructive amendment — sometimes referred to as a fatal variance — occurs." United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 133 S. Ct. 2747 (2013); see United States v. Foster, 507 F.3d 233, 242 (4th Cir. 2007) ("When considering a constructive amendment claim, it is the broadening of the bases for a defendant's conviction that is important - nothing more.") (internal quotation marks and brackets omitted). Constructive amendments are fatal "because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." Foster, 507 F.3d at 242 (internal quotation marks omitted).

On review, we conclude that the Government's evidence did not amount to a constructive amendment to the indictment. See United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009) (providing standard of review). The brief mention of a home invasion did not "create[] a substantial likelihood that [Mills]

was convicted of an uncharged offense." United States v. Johnson, 719 F.3d 660, 668 (8th Cir. 2013) (internal quotation marks omitted). Further, we conclude that evidence of transactions involving drugs other than powder cocaine did not constructively amend the indictment, considering the continuous nature of Mills' drug transactions with his alleged coconspirators. See United States v. Dowdell, 595 F.3d 50, 68 (1st Cir. 2010) (stating that because "§ 841(a)(1) prohibits distribution of any controlled substance regardless of type," "drug identity had no bearing on the substance of the charge").

Fourth, Mills contends that his sentence is procedurally unreasonable because the district court sentenced him to fourteen months more than the statutory mandatory minimum sentence. In reviewing a sentence, this court must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based

5

on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal citation and footnote omitted)). On review, we conclude that the district court committed no procedural error and, thus, did not abuse its discretion in imposing the within-Guidelines sentence. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

Finally, Mills contends that the district court violated the Fifth Amendment by increasing his statutory mandatory minimum sentence from ten years to twenty years based on his prior drug conviction, where that conviction was neither charged in the indictment nor submitted to a jury. Mills essentially challenges the viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998), in light of the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Mills' challenge fails, however, because we remain "bound by Almendarez-Torres unless and until the Supreme Court says otherwise," which it has not. United States v. Graham, 711 F.3d 445, 455 (4th Cir. 2013); see also Alleyne, 133 S. Ct. at

2060 n.1 (2013); <u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir. 2005).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7